### In re WEST END TRUST.

### CIGLER et al. v. RAZIM et al.
### No. 8807.

Circuit Court of Appeals, Seventh Circuit. Nov. 8, 1945.

Samuel Fumel, Leon A. Semerak, and David Brandwein, all of Chicago, Ill., for appellant.

Raymond F. Hayes, J. Glenn Shehee, and Hayes, Shehee & Quigley, all of Chicago, Ill. (Fred A. Gariepy and John L. Spalding, both of Chicago, Ill., of counsel), for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

MAJOR, Circuit Judge.

This is a proceeding in bankruptcy in which the debtor by two trustees filed an amended petition under Chap. 10 of the Chandler Act, 11 U.S.C.A. § 501 et seq. Appellees filed a claim based upon two notes in the amount of $6,000, secured by a trust deed upon real estate belonging to the trust. The trustees and certain beneficiaries filed objections to the allowance of this claim. The Master, to whom reference was made, upheld the claim of appellees. The District Court sustained the ruling of the Master, and from that decision this appeal was taken.

The following facts are disclosed by the record: that A. J. Razim, one of the claimants and appellees, was the owner of a $4,000 mortgage on property owned by persons named Daubner; that Razim purchased this mortgage from James Karban & Co., Inc.; that one Preisler, an official of Karban & Co. and co-trustee, with Turek and Jeram, of the debtor, told Razim that the Daubner mortgage was being refinanced by the Home Owners Loan Corporation; that if Razim would turn over the $4,000 Daubner mortgage and advance an additional $2,000, Preisler would obtain a $6,000 mortgage for him upon the real estate here involved.

At this time the West End Building, the realty herein involved, was the subject of a foreclosure suit in the Superior Court. James Karban, a trustee under a trust deed, was the party seeking the foreclosure, and certain bondholders had formed a committee to protect their interests. Subsequently the property was foreclosed and a sale had. Title to the property was taken in the name of Turek who was acting as nominee for the trustees of the debtor. Prior to this sale a trust agreement had been entered into executed by Turek, Jeram and Preisler as trustees and by a substantial number of the bondholders.

While this foreclosure proceeding was in progress and before the period of redemption had run allowing the certificate of sale under the foreclosure to ripen into a deed, Razim had turned over the $4,000 Daubner mortgage and advanced some $2,200 to Preisler as the balance on the West End Building mortgage.

Turek bid in the West End Building on April 8, 1936, which allowed his certificate received from the Master to ripen into a deed on July 9, 1937. During this period, the appellees received interest on their loan at the rate of 3½%. The Master's deed was issued to Turek on August 10, 1937 and was recorded. Two months later Turek and his wife executed their notes for $6,000 and a trust deed upon the realty to secure the same. These are the instruments herein claimed upon. Checks were issued to James Karban & Co. for interest payment from 1938 to 1941, signed by Preisler, Turek and Jeram as trustees. These monies

632

were then disbursed by Karban to the appellees.

The issue before us is whether or not this $6,000 claim was properly allowed as a lien upon the realty of the trust.

■ The appellants first contend that as the appellees had full knowledge of the trust, they were obliged to see to the proper application of the money advanced to trustees. Further, that since this money was converted to a use other than for trust purposes, the appellees should be held constructive trustees for the benefit of the trust beneficiaries. We believe that this argument is refuted by the trust instrument itself, which expressly provides that the parties advancing money to the trust do not have to look to the proper handling of such money by the trustees. This is also the purport of the Illinois Statute dealing expressly with this situation. Ill.Rev.Stat. 1945, chap. 98, § 235. See also National Casualty Company v. Caswell & Co., 317 Ill.App. 66, 69, 45 N.E.2d 698. The evidence shows that the appellants had full knowledge of the loan and that Preisler acted throughout the foreclosure proceeding and in establishing the trust with the authorization of both beneficiaries and co-trustees. There is no proof of conversion of funds. We must reject this contention of appellants.

■ The appellants next contend that the notes and mortgage are not binding upon the trust because they are personal obligations of Turek and the execution by one trustee, Turek, does not bind the trust estate. The trust instrument gave the trustees authority to do just what they did herein. The trust indenture gave the trustees the power to "act in any and all matters with reference to said * * * property, as fully and effectually as if they were themselves in their individual capacity the full and complete owners thereof." The trust gave them power to nominate a party to bid at a foreclosure sale; to nominate a party to hold title to real estate; to "borrow money for any purposes of this trust;" and to execute all necessary notes, mortgages and various other documents. The trust instrument unquestionably gave the trustees authority to charge the trust estate with a mortgage. The question then is whether or not this particular indebtedness is a proper charge.

■ With full knowledge of the appellees' advances, both the Daubner mortgage and some $2,200, the trustees nominated Turek to take title to the property; they then, pursuant to authority granted by the trust instrument, allowed Turek to bid in the property and record the same under his name. We think that under these circumstances a mortgage executed by that nominee, with the approval and knowledge of the co-trustees, creates a valid lien upon the trust property.

We have read the cases cited by appellants to support their contention upon this point, but think that they are inapplicable. In general, those authorities deal with a situation wherein the trustee has exceeded his authority. Undoubtedly there can then be no liability upon the trust estate; but the converse is also true, where, as herein, the trustees act within the terms of the trust instrument, there is liability upon the trust property.

■ Appellants also contend that there was no consideration flowing to the trust after the Razim loan and therefore there can be no liability. We think this argument untenable. The evidence shows that Razim gave up a $4,000 mortgage to one of the trustees with the knowledge and approval of the co-trustees and that Razim advanced some $2,200, which counsel for appellants admitted was used to benefit the trust. The fact that the notes and deed were subsequently executed does not militate against appellees. McIntire v. Yates, 104 Ill. 491. There was ample consideration for the loan.

■ Appellants make a further argument that equity will not enforce a contract executed by the trustees if such contract be detrimental to the trust. Where the trustees acted within their authority and the money obtained was borrowed for trust purposes, as herein, this rule has no application. The authorities cited by appellant do not hold to the contrary.

The appellees have contended that the appellants are estopped to question the validity of the notes and trust deed, but in view of the decision reached heretofore we deem it unnecessary to pass upon this question.

The judgment of the District Court is affirmed.